IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC. and ZYDUS LIFESCIENCES LIMITED, <br><br> Defendants. | C.A. No. 22-1386-GBW |

**ZYDUS PHARMACEUTICALS (USA) INC. AND ZYDUS LIFESCIENCES LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Zydus Lifesciences ("Zydus Lifesciences") (collectively, "Defendants"), for their Answer and Affirmative Defenses to the Complaint of Acadia Pharmaceuticals Inc. ("Acadia" or "Plaintiff"), state as follows:

All averments not expressly admitted are denied.

**THE PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore deny them.

2. Admitted.

3. Admitted.

4. Admitted.

5. The allegations in paragraph 5 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Zydus USA is a wholly owned subsidiary of Zydus Lifesciences. Defendants deny all other allegations in paragraph 5.

6. The allegations in paragraph 6 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Zydus USA is a wholly owned subsidiary of Zydus Lifesciences; that Zydus Lifesciences manufactures pharmaceutical products, including generic pharmaceutical products; that Zydus USA files Abbreviated New Drug Applications ("ANDAs") seeking approval from the United States Food and Drug Administration ("FDA") to manufacture and sell pharmaceutical products in the United States, including products manufactured by Zydus Lifesciences; and that Zydus USA sells pharmaceutical products in the United States, including pharmaceutical products manufactured by Zydus Lifesciences. Defendants deny all other allegations in paragraph 6.

7. Defendants admit that Zydus USA submitted ANDA No. 214493 to FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, and importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493, and that Zydus Lifesciences is the manufacturer of the pimavanserin capsules, 34 mg, described in ANDA No. 214493; and that Zydus USA continues to seek FDA approval of ANDA No. 214493. Defendants deny all other allegations in paragraph 7.

## NATURE OF THE ACTION

8. The allegations in paragraph 8 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiff's Complaint purports to be a civil action alleging infringement of United States Patent No. 11,452,721 ("the '721 patent" or "the asserted patent"). Defendants deny all other allegations of paragraph 8.

## PROCEEDINGS CONCERNING RELATED PATENTS

9. The allegations in paragraph 9 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that U.S. Patent Nos. 10,449,185 ("the '185

patent"), 10,646,480 ("the '480 patent"), and 10,849,891 ("the '891 patent") are listed on the face of what purports to be a copy of the '721 patent attached to Plaintiff's Complaint as Exhibit A under the heading entitled "Domestic Priority (Continuity Data)." Defendants deny all other allegations of paragraph 9.

10. Defendants admit that Plaintiff and Defendants are parties to *Acadia v. Aurobindo et al.*, Civil Action No. 20-985-GBW-Consolidated ("Consolidated Action"), in which Plaintiff has asserted infringement of the '185 patent, the '480 patent, and the '891 patent against Defendants. Defendants deny all other allegations of paragraph 10.

11. Defendants admit that on May 19, 2022, the Court in the Consolidated Action entered a Joint Stipulation and Order of Non-Infringement of U.S. Patent Nos. 10,449,185, 10,646,480, and 10,849,891 between ACADIA and Defendants (Consolidated Action, D.I. 193) ("Stipulated Non-Infringement Order")), which states, *inter alia*:

> 8. Subject to all of ACADIA's rights to appeal, ACADIA agrees that, under the Court's construction of the terms "40 mg granulated pimavanserin tartrate" and "granulated pimavanserin or a pharmaceutically acceptable salt thereof," Zydus USA's 34 mg ANDA Product would not satisfy those claim limitations and "the granulated pimavanserin tartrate" limitations or the "granulated pimavanserin" limitations of the Asserted Claims of the '185 patent, the '480 patent, and the '891 patent.
>
> 9. To preserve judicial and Party resources, the Parties stipulate and agree to the entry of a judgment against ACADIA and in favor of Zydus that Zydus USA's 34 mg ANDA Product has not infringed and currently does not infringe any of the Asserted Claims of the '185 patent, the '480 patent, and the '891 patent, at least because Zydus USA's 34 mg ANDA Product does not satisfy the "40 mg granulated pimavanserin tartrate," "the granulated pimavanserin tartrate," "the granulated pimavanserin," and "granulated pimavanserin or a pharmaceutically acceptable salt thereof" limitations recited in the Asserted Claims as the Court has construed "40 mg granulated pimavanserin tartrate" and "granulated pimavanserin or a pharmaceutically acceptable salt thereof."

(Stipulated Non-Infringement Order at 2-3.) Defendants deny all other allegations in paragraph 11.

12. Defendants admit that the Stipulated Non-Infringement Order in the Consolidated Action states:

> 10. The Parties further stipulate and agree that Zydus's unadjudicated defenses with respect to the '185 patent, the '480 patent, and the '891 patent are dismissed without prejudice, and Zydus reserves and retains the right to reassert any such defenses in the future, including in the event of a reversal and remand to the Court following an appeal from final judgment entered in this case.

(Stipulated Non-Infringement Order at 3.) Defendants deny all other allegations in paragraph 12.

## JURISDICTION AND VENUE

13. The allegations in paragraph 13 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest subject matter jurisdiction in this Court solely for the purposes of Plaintiff's claims against Defendants in this case and solely as they apply to the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants deny all other allegations in paragraph 13.

14. Defendants admit that Defendants did not contest subject matter jurisdiction in the Consolidated Action solely for the purposes of Plaintiff's claims against Defendants in that case and solely as they apply to the pimavanserin capsules, 34 mg, and pimavanserin tablets, 10 mg, described in ANDA Nos. 214493 and 214502, respectively. Defendants deny all other allegations in paragraph 14.

15. The allegations in paragraph 15 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest venue in this Court solely for the purposes of Plaintiff's claims against Defendants in this case and solely as they apply to

the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants deny that the commercial manufacture, use, offer for sale, sale, or importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493, will infringe any valid and enforceable claim of the asserted patent. Defendants deny all other allegations in paragraph 15.

16. The allegations in paragraph 16 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest personal jurisdiction or venue in this Court solely for the purposes of Plaintiff's claims against Defendants in this case and solely as they apply to the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants admit that Zydus USA submitted ANDA No. 214493 to FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants deny that the commercial manufacture, use, offer for sale, sale, or importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493, will infringe any valid and enforceable claim of the asserted patent. Defendants deny all other allegations in paragraph 16.

17. Defendants admit that Zydus USA sells pharmaceutical products, including generic pharmaceutical products, in the United States. Defendants deny all other allegations in paragraph 17.

18. Defendants admit that Zydus USA's website states that Zydus USA "currently offers more than 500 SKUs to the US market and is ranked the fifth largest unbranded generic corporation in the US" and that "[w]hile Zydus Pharmaceuticals has grown tremendously since it entered the US, we continue to look for new ways to bring value to the US market." *See* http://zydususa.com/overview/ (last visited Jan. 9, 2023). Defendants further admit that Zydus USA's website states that "Zydus's generic products can be found across the country in most

pharmacies, both in store as well as mail order." *See* http://zydususa.com/faq/ (last visited Jan. 9, 2023). Defendants deny all other allegations in paragraph 18.

19. The allegations in paragraph 19 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest venue in this Court solely for the purposes of Plaintiff's claims against Defendants in this case and solely as they apply to the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants deny that the commercial manufacture, use, offer for sale, sale, or importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493, will infringe any valid and enforceable claim of the asserted patent. Defendants deny all other allegations in paragraph 19.

20. The allegations in paragraph 20 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest personal jurisdiction or venue in this Court solely for the purposes of Plaintiff's claims against Defendants in this case and solely as they apply to the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants admit that Zydus USA submitted ANDA No. 214493 to FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and importation of the pimavanserin capsules, 34 mg , described in ANDA No. 214493. Defendants deny that the commercial manufacture, use, offer for sale, sale, or importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493, will infringe any valid and enforceable claim of the asserted patent. Defendants deny all other allegations in paragraph 20.

21. Defendants admit that Zydus Lifesciences manufactures pharmaceutical products, including generic pharmaceutical products, and that Zydus USA sells pharmaceutical products, including generic pharmaceutical products manufactured by Zydus Lifesciences, in the United States. Defendants deny all other allegations in paragraph 21.

22. Defendants admit that Zydus Lifesciences' website states that "Zydus' global business has a strong presence in the regulated markets of the US," that "[t]he group has manufacturing sites and research facilities spread across five states of Gujarat, Maharashtra, Goa, Himachal Pradesh and Sikkim in India and in the US and Brazil," and that "[i]t has more than 30 manufacturing plants worldwide including India, Brazil and USA." *See* https://www.zyduslife.com/index (last visited Jan. 9, 2023). Defendants deny all other allegations in paragraph 22.

23. Denied.

24. The allegations in paragraph 24 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest personal jurisdiction or venue in this Court solely for the purposes of Plaintiff's claims against Defendants in this case and solely as they apply to the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants admit that: in *Boehringer Ingelheim Pharm. Inc. v. Zydus Pharm. (USA) Inc*., C.A. No. 19-1501-CFC (D. Del.), Defendants asserted counterclaims and stated that, "[a]lthough Zydus denies that venue is proper in this District, Zydus does not contest venue or personal jurisdiction in this Court for the limited purposes of this action only"; in *Boehringer Ingelheim Pharm. Inc. v. Zydus Pharm. (USA) Inc.,* C.A. No. 19-1295-CFC (D. Del.), Defendants asserted counterclaims and stated that, "[a]lthough Zydus denies that venue is proper in this District, Zydus does not contest venue or personal jurisdiction in this Court for the limited purposes of this action only"; in *Boehringer Ingelheim Pharm. Inc. v. Zydus Pharm. (USA) Inc*., C.A. No. 18-1763-CFC-SRF (D. Del.), Defendants asserted counterclaims and stated that, "[a]lthough Defendants deny that venue is proper in this District, Defendants do not contest venue or personal jurisdiction in this Court for the limited purposes of this action only"; in *Millennium Pharm., Inc. v. Zydus Pharm. (USA) Inc*.,

No. 1:17-cv-00423 (D. Del. May 24, 2017), Defendants asserted counterclaims and stated that "Defendants do not contest personal jurisdiction in this Court for the limited purposes of this action only" and that "Defendants do not contest venue in this Court for the limited purposes of this action only"; in *Sanofi-Aventis U.S. LLC v. Zydus Pharm. (USA) Inc.*, No. 1:17-cv-00034 (D. Del. Apr. 10, 2017), Defendants asserted counterclaims and stated that "Defendants do not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Defendants in this case and solely as they apply to the proposed product described in ANDA No. 209668" and that "Defendants do not contest venue in this judicial district solely for purposes of Plaintiffs' claims against Defendants in this case and solely as they apply to the proposed product described in ANDA No. 209668"; in *Amgen Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 20-0075-CFC (D. Del.), Defendants stated that "Zydus does not contest personal jurisdiction in this Court solely for the purposes of Plaintiffs' claims against Zydus in this case and solely as they apply to the proposed product described in ANDA No. 213442" and that "Zydus does not contest venue in this Court solely for the purposes of Plaintiffs' claims against Zydus in this case and solely as they apply to the proposed product described in ANDA No. 213442"; in *Pfizer Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 19-0760-CFC (D. Del.), Defendants stated that "Zydus USA does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Zydus USA in this case and solely as they apply to the proposed product described in ANDA No. 213098" and that "Cadila does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Cadila in this case and solely as they apply to the proposed product described in ANDA No. 213098"; in *Merck Sharp & Dohme Corp. v. Zydus Pharm. (USA) Inc.*, C.A. No. 19-0314-RGA (D. Del.), Defendants stated that "Defendants do not contest personal jurisdiction in this Court solely for the purposes of Merck's claims against Defendants in this case and solely as they apply

to the sitagliptin tablets … described in ANDA Nos. 208186, 208535, and 209573, respectively," "Zydus USA does not contest venue in this Court solely for the purposes of Merck's claims against Zydus USA in this case and solely as they apply to the sitagliptin tablets … described in ANDA Nos. 208186, 208535, and 209573, respectively," and that "Cadila does not contest venue in this Court solely for the purposes of Merck's claims against Cadila in this case and solely as they apply to the sitagliptin tablets … described in ANDA Nos. 208186, 208535, and 209573, respectively"; in *Anacor Pharm., Inc. v. Ascent Pharm., Inc.*, C.A. No. 18-1673-RGA (D. Del.), Defendants stated that "Zydus does not contest personal jurisdiction in this Court solely for purposes of Anacor's claims against Zydus in this case and solely as they apply to the proposed product described in ANDA No. 212294" and that "Zydus does not contest venue in this Court solely for purposes of Anacor's claims against Zydus in this case and solely as they apply to the proposed product described in ANDA No. 212294"; in *H. Lundbeck A/S v. Zydus Pharm. (USA) Inc.*, C.A. No. 18-0150-LPS (D. Del.), Defendants stated that "Defendants do not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Defendants in this case and solely as they apply to the vortioxetine tablets, 5 mg, 10 mg, and 20 mg, described in ANDA No. 211146" and that "Defendants do not contest venue in this Court solely for purposes of Plaintiffs' claims against Defendants in this case and solely as they apply to the vortioxetine tablets, 5 mg, 10 mg, and 20 mg, described in ANDA No. 211146"; in *Pfizer Inc. v. Zydus Pharm. (USA) Inc.*, No. 1:17-cv-00214-LPS (D. Del. June 5, 2017), Defendants stated that "Defendants do not contest personal jurisdiction in this Court solely for the purposes of Plaintiffs' claims against Defendants in this case and solely as they apply to the proposed product described in ANDA No. 209829"; in *Pfizer Inc. et al. v. Zydus Pharm. (USA) Inc. et al.*, C.A. No. 17-158-GJP (D. Del.), Defendants asserted affirmative defenses and stated that "Defendants do not contest personal

jurisdiction in this Court solely for the purposes of Plaintiffs' claims against Defendants in this case and solely as they apply to the proposed product described in ANDA No. 209829"; in *Allergan USA, Inc. v. Aurobindo Pharma Ltd.*, C.A. No. 19-1727-RGA (D. Del.), Zydus asserted affirmative defenses and stated that "Zydus does not contest personal jurisdiction in this Court solely for purposes of Allergan's alleged claims arising under 35 U.S.C. § 271(e)(2) against Zydus related to the patents-in-suit in this case and solely as those alleged claims apply to the proposed products described in ANDA No. 213522" and that "Zydus does not contest venue in this Court solely for purposes of Allergan's alleged claims arising under 35 U.S.C. § 271(e)(2) against Zydus related to the patents-in-suit in this case and solely as those alleged claims apply to the proposed products described in ANDA No. 213522"; in *Biogen Int'l GmbH v. Zydus Pharm. (USA) Inc.*, C.A. No. 19-0333-MN (D. Del.), Zydus USA stated that "Zydus does not contest subject matter jurisdiction, personal jurisdiction, or venue in this Court solely for purposes of Biogen's alleged claims arising under 35 U.S.C. § 271(e)(2) against Zydus related to the '001 patent in this case and solely as those alleged claims apply to the proposed products described in ANDA No. 210538"; and in the Consolidated Action, Defendants stated that "Defendants do not contest personal jurisdiction or venue in this Court solely for the purposes of Plaintiff's claims against Defendants in this case and solely as they apply to the pimavanserin capsules, 34 mg, and pimavanserin tablets, 10 mg, described in ANDA Nos. 214493 and 214502, respectively." Defendants deny all other allegations in paragraph 24.

25. The allegations in paragraph 25 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiff's Complaint purports to be a civil action alleging infringement of the '721 patent pursuant to Title 35 of the United States Code. Defendants further admit that Zydus Lifesciences is an entity organized and existing under

10

the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S. G. Highway, Ahmedabad 382 481, India.  Defendants do not contest personal jurisdiction in this Court solely for the purposes of Plaintiff's claims against Defendants in this case and solely as they apply to the pimavanserin capsules, 34 mg, described in ANDA No. 214493.  Defendants deny all other allegations in paragraph 25.

26. Defendants admit that Defendants did not contest venue in the Consolidated Action solely for the purposes of Plaintiff's claims against Defendants in that case and solely as they apply to the pimavanserin capsules, 34 mg, and pimavanserin tablets, 10 mg, described in ANDA Nos. 214493 and 214502, respectively.  Defendants deny all other allegations in paragraph 26.

27. Defendants admit that Defendants did not contest personal jurisdiction in the Consolidated Action solely for the purposes of Plaintiff's claims against Defendants in that case and solely as they apply to the pimavanserin capsules, 34 mg, and pimavanserin tablets, 10 mg, described in ANDA Nos. 214493 and 214502, respectively.  Defendants deny all other allegations in paragraph 27.

## ACADIA'S NDA AND THE '721 PATENT

28. Defendants admit that FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") lists "ACADIA PHARMACEUTICALS INC" as the Applicant Holder; "PIMAVANSERIN TARTRATE" as the Active Ingredient; "NUPLAZID" as the Proprietary Name; "EQ 34 MG BASE" as the Strength; and "CAPSULE; ORAL" as the Dosage Form and Route of Administration for New Drug Application ("NDA") No. 210793. Defendants lack knowledge or information sufficient to form a belief about all other allegations in paragraph 28 and therefore deny them.

29. Defendants admit on information and belief that what purports to be a copy of the '721 patent is attached to Plaintiff's Complaint as Exhibit A. Defendants further admit that Exhibit A is titled "Formulations of Pimavanserin" and lists September 27, 2022, as the Date of Patent. Defendants deny all other allegations in paragraph 29.

30. The allegations in paragraph 30 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Exhibit A lists "Acadia Pharmaceuticals, Inc." as the "Assignee." Defendants deny all other allegations in paragraph 30.

31. The allegations in paragraph 31 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that FDA's Orange Book lists, *inter alia*, the '721 patents in connection with NDA No. 210793, NUPLAZID® (pimavanserin tartrate) capsules, 34 mg. Defendants deny all other allegations in paragraph 31.

## ZYDUS' ANDA

32. Defendants admit that Zydus USA submitted ANDA No. 214493 to FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants deny all other allegations in paragraph 32.

33. The allegations in paragraph 33 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that ANDA No. 214493 identifies "NUPLAZID® (pimavanserin) capsules" as the "Reference-Listed Drug (RLD)" and "EQ 34MG BASE" as the "RLD Strength(s)." Defendants further admit that the product labeling for the pimavanserin capsules, 34 mg, described in ANDA No. 214493 will comply with applicable law. Defendants deny all other allegations in paragraph 33.

34. Defendants admit that Zydus USA sent a letter dated June 22, 2020 ("Zydus USA's First Notice Letter") to Plaintiff, notifying Plaintiff that Zydus USA submitted ANDA No. 214493 to FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493, and that ANDA No. 214493 includes certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to, *inter alia*, the '740, '285, '185, and '480 patents. Defendants further admit that Zydus USA sent a letter dated February 12, 2021 ("Zydus USA's Second Notice Letter") to Plaintiff, notifying Plaintiff that Zydus USA amended ANDA No. 214493 to include a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '891 patent. Defendants deny all other allegations in paragraph 34.

35. Defendants admit that Zydus USA sent Zydus USA's First Notice Letter to Plaintiff, notifying Plaintiff that ANDA No. 214493 includes certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to, *inter alia*, the '185, and '480 patents. Defendants deny that the allegations in paragraph 35 accurately and completely reflect Zydus USA's First Notice Letter and therefore deny them. Defendants deny all other allegations in paragraph 35.

36. Defendants admit that Zydus USA sent Zydus USA's Second Notice Letter to Plaintiff, notifying Plaintiff that ANDA No. 214493 was amended to include a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '891 patent. Defendants deny that the allegations in paragraph 36 accurately and completely reflect Zydus USA's Second Notice Letter and therefore deny them. Defendants deny all other allegations in paragraph 36.

37. The allegations in paragraph 37 are legal conclusions to which no answer is required and do not appear to be directed to ANDA No. 214493. To the extent an answer is

required, Defendants admit that Zydus USA's First Notice Letter and Zydus USA's Second Notice Letter comply with applicable law. Defendants deny all other allegations in paragraph 37.

38. Defendants admit that as of the date of Plaintiff's Complaint, October 21, 2022, Zydus USA had not submitted a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '721 patent. Defendants deny all other allegations in paragraph 38.

39. The allegations in paragraph 39 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that as of the date of Plaintiff's Complaint, October 21, 2022, Zydus USA had not submitted a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '721 patent. Defendants deny all other allegations in paragraph 39.

### COUNT I – INFRINGEMENT
### BY ZYDUS USA AND ZYDUS LIFESCIENCES

40. Defendants restate and re-allege their answers to each of the preceding paragraphs 1–39, as if fully set forth herein.

41. Denied.

42. Defendants admit that Zydus USA submitted ANDA No. 214493 to FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants deny all other allegations in paragraph 42.

43. Denied.

44. The allegations in paragraph 44 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in the first sentence of paragraph 44. Defendants admit that Zydus USA submitted ANDA No. 214493 to FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for

sale, sale, and importation of the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants further admit that ANDA No. 214493 identifies Zydus Lifesciences as the manufacturer of the pimavanserin capsules, 34 mg, described in ANDA No. 214493. Defendants deny all other allegations in paragraph 44.

  45. Denied.

  46. Denied.

  47. Denied.

  48. Denied.

  49. Denied.

## PRAYER FOR RELIEF

Defendants specifically deny that Plaintiff is entitled to the general or specific relief requested against Defendants, or to any relief whatsoever, and pray for judgment in favor of Defendants, dismissing this action with prejudice and awarding Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in their Answer and without admitting any allegations of Plaintiff's Complaint not otherwise admitted, Defendants aver and assert the following Affirmative Defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 11,452,721)

Plaintiff will not and cannot meet the burden of proof required to show that the commercial manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the pimavanserin capsules, 34 mg, described in ANDA No. 214493 or the submission of ANDA No.

214493 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '721 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 11,452,721)

Upon information and belief, the claims of the '721 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or for obviousness-type double patenting.

## RESERVATION OF DEFENSES

Defendants hereby reserve any and all defenses that are available under the Federal Rules of Civil Procedure and the United States Patent Laws and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this case.

Dated: January 30, 2023

Respectfully submitted,

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (# 110)
David A. Bilson (# 4986)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Of counsel*
Michael J. Gaertner (*pro hac vice*)
James T. Peterka (*pro hac vice*)
Timothy F. Peterson (*pro hac vice*)
August M. Melcher (*pro hac vice)*
Amy Lange (*pro hac vice*)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 443-0700
Facsimile: (312) 443-0336

*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited*